FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOM GONZALES, as Personal Representative of the Estate of Thomas J. Gonzales, II,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF TREASURY; INTERNAL REVENUE SERVICE,<br><br>        Defendants - Appellees. | No. 11-15561<br><br>D.C. No. 4:08-cv-03189-SBA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted July 16, 2012
San Francisco, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and SETTLE, District Judge.[**]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

Tom Gonzales, Sr. ("Appellant"), in his capacity as the personal representative of the estate of his son, Thomas J. Gonzales, II ("Gonzales"), appeals the district court's grant of summary judgment to the Government on his complaint for a refund of federal income taxes. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Appellant failed to raise a genuine dispute of material fact as to whether Gonzales entered into the Presidio transaction "primarily for profit." *See Landreth v. Commissioner*, 859 F.2d 643, 648 (9th Cir. 1988). Two witnesses with firsthand knowledge of Gonzales's involvement in the transaction—Gonzales's accountant, Steve Smith, and his stockbroker, Robert Gallo—testified that Gonzales made the investment primarily to reduce his tax liability by generating a capital loss. Appellant's evidence that the transaction could theoretically have yielded a profit, including Bruce Lemons's opinion letter stating that the transaction was a legitimate investment, did not contravene the Government's evidence of primary motive.

2.     Appellant's second refund claim, stemming from an $8.6 million net operating loss that Gonzales claimed on his 2001 tax return, is time-barred. Appellant and the IRS agreed to extend the period in which the IRS could assess a tax for the 2001 tax year to December 31, 2006. *See* 26 U.S.C. § 6501(c)(4). The statutory deadline for filing a refund claim was therefore six months after that date:

June 30, 2007. *See id.* § 6511(c)(1). Appellant filed the untimely refund claim on August 17, 2007.

Appellant argues that the IRS's issuance of a Notice of Deficiency to the estate on December 6, 2006, extended the limitations period for filing a claim of refund to November 30, 2007. But the Notice of Deficiency on which Appellant relies related to the 2000 tax year, not the 2001 tax year in which Gonzales claimed he suffered the net operating loss. Thus, even if we were persuaded that a Notice of Deficiency can affect the limitations period for filing a claim for refund, we would conclude that the deadline was unaffected in this case.

Appellant further argues that the limitations period was extended by Gonzales's death in 2001, pursuant to the provisions of the Internal Revenue Code governing transferred assets. *Id.* § 6901. Section 6901(c) extends the period of limitations for assessment of tax against a transferee. The statute has no equivalent provision extending the period of limitations for a refund claim by a transferee. Hence, Gonzales's death did not alter the limitations period for filing the refund claim.

**AFFIRMED.**